Argued December 8, 1971, affirmed January 12, 1972

# GAFFNEY, *Appellant, v.* PAYLESS DRUG STORES, N.W., INC. ET AL, *Respondents.*

492 P2d 474

*Allen L. Fallgren,* Portland, argued the cause for appellant. With him on the brief were McKee and Fallgren, Portland.

*William L. Hallmark,* Portland, argued the cause for respondents. With him on the brief were McMenamin, Jones, Joseph & Lang, Portland.

Before O'CONNELL, Chief Justice, and DENECKE, HOLMAN, TONGUE and HOWELL, Justices.

DENECKE, J.

Plaintiff alleged in two counts that she was assaulted and falsely imprisoned by defendants. The defendant Rogers was granted a nonsuit on the assault count. The jury returned a verdict for the remaining defendants on that count. All the defendants were granted a nonsuit on the false arrest count. The plaintiff appeals, assigning as error the granting of the motions for nonsuit.

Apparently, the defendant Rogers was the chief security officer for the defendant Payless Drug. The defendant Edna Thompson was another security officer working under Rogers' supervision. The defendants suspected plaintiff of shoplifting and Miss Thompson questioned her and during the initial questioning Miss Thompson allegedly assaulted plaintiff. Plaintiff admits Rogers had no physical contact with her and any liability against Rogers must be upon the basis that he directed Miss Thompson in her activities in which plaintiff was allegedly assaulted.

Without deciding whether the granting of the

nonsuit was error, we hold that any possible error could not have been prejudicial. The jury returned a verdict for Miss Thompson on the assault count and when the only basis for Rogers' liability is Miss Thompson's conduct, this necessarily eliminates liability against Rogers. *Eckleberry v. Kaiser Foundation,* 226 Or 616, 627-631, 359 P2d 1090, 84 ALR2d 1327 (1961).

■ With regard to the granting of the nonsuit on the false imprisonment count, the plaintiff admits that to sustain such count she must introduce evidence that she was confined by the defendants. The confinement may be accomplished by actual or apparent physical barriers, physical force or submission to actual or reasonably apprehended physical force or assertion of legal authority. *Roberts v. Coleman,* 228 Or 286, 293, 365 P2d 79 (1961).

The only evidence of physical force was that supposedly applied by the defendant Miss Thompson which was the subject of the assault count. In deciding the assault count adversely to plaintiff the jury necessarily found adversely to plaintiff upon her contention that Miss Thompson confined her by physical force.

■ Plaintiff also contends that she was confined because she submitted to defendant's will. Plaintiff testified she was getting into her car in the parking lot outside the Payless store. Miss Thompson came up to her and demanded the return of an article. Plaintiff said she had paid for it; however, when Miss Thompson demanded to see the receipt, plaintiff said she would not show her anything but would go back into the store and show the manager. Miss Thompson then said, "We will go down this way," and plaintiff replied, "No, we won't. We will go in right * * *." Plaintiff went back through the doors where she had come out and

there met Rogers, the security officer. Such testimony establishes plaintiff did not submit to defendant's will and, therefore, plaintiff was not confined.

Plaintiff relies upon *Lukas v. J. C. Penney Co.*, 233 Or 345, 378 P2d 717 (1963), in which we held:

"* * * Through the display of physical force Hales made the two Lukases apprehensive of injury. The plaintiff was confronted with choice of standing her ground, or surrendering her granddaughter and her shopping bag to Hales. Only by abandoning her granddaughter and shopping bag would she be free to go her way. To stand her ground was therefore to abandon her freedom of movement." 233 Or at 352.

We rightfully concluded that there was evidence of submission.

Affirmed.